**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| TAMIKA L. JOHNSON<br>*an individual, on behalf of herself and all*<br>*others similarly situated*<br>3817 Echodale Avenue<br>Baltimore, Maryland 21206 | CIVIL ACTION NO.  1:18-cv-498 |
| Plaintiff, | |
| v. | **CLASS ACTION** |
| FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS, INC.<br>d/b/a "FBCS, INC."<br>*a Pennsylvania corporation*<br>330 S. Warminster Rd.<br>Suite 353<br>Hatboro, Pennsylvania 19040-3404 | JURY TRIAL DEMANDED |
| SERVE ON:<br>RESIDENT AGENT<br>CSC-Lawyers Incorporating<br>Service Company<br>7 St. Paul Street<br>Suite 820<br>Baltimore, Maryland 21202 | |
| Defendant. | |

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Tamika L. Johnson, formerly known as "Tamika L. Stewart," an individual, on behalf of herself and all others similarly situated, sues Defendant, Financial Business and Consumer Solutions, Inc., doing business as "FBCS, Inc.," a Pennsylvania corporation, and alleges:

## I.  PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.     The subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1331.

3.     This Court has jurisdiction over the Defendant and venue in this Court is proper as the acts complained of occurred in this state.

## III.  ALLEGATIONS AS TO PARTIES

4.     At all times material hereto, Plaintiff, Tamika L. Johnson, formerly known as Tamika L. Stewart ("Ms. Johnson"), is *sui juris* and a resident of Baltimore, Maryland.

5.     At all times material hereto, Defendant, Financial Business and Consumer Solutions, ("Debt Collector" or "FBCS") was a Pennsylvania corporation doing business as "FBCS, Inc."

6.     At all times material hereto, FBCS used interstate mail and telephones to engage in a business the principal purpose of which was to attempt to collect debts alleged to be due.

## IV.  FACTUAL ALLEGATIONS

7.     Several years prior to the filing of the instant action, Ms. Johnson obtained a student loan to finance her education ("Johnson Student Loan").

8.     The Johnson Student Loan was subsequently assigned to National Collegiate Student Loan Trust ("NCSLT") under unknown terms and for unknown consideration.

9.      Subsequent to the assignment of the Johnson Student Loan, NCSLT retained FBCS for the purpose of collecting monies purportedly owed under the Johnson Student Loan.

10.     On or about December 5, 2017, FBCS sent or caused to be sent to Ms. Johnson a collection letter, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting the Johnson Student Loan ("Collection Communication").

11.     A true and correct copy of the Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A."

12.     The Collection Communication was a "communication" as defined under 15 U.S.C. §1692 a (2).

13.     The Collection Communication stated in part:

> We can accept this reduced amount under your preferred option:
> 1.      Pay the full amount of $5,157.25 to us in one payment
> 2.      Pay $1,031.45 as a down-payment as the remaining balance of $4,125.80 30 days after your first payment is received.
> 3.      You may have an opportunity to split your **settlement** into 12 payments of $429.77 each.  Call our office for details.
> 4.      Contact one of our agents, who have been specially trained to listen to your circumstances and guide you through the process, there may be other payment options available based on your specific situation.  Call us, toll free, at 1-877-380-2510.  Agents trained to handle your specific account are available:

(emphasis added.)

14.     The Johnson Student Loan was entered into in 2006, was charged off several years prior to filing the instant action, and was not enforceable by judicial means as a result of the expiration of the applicable statute of limitations.

15.     Through the Collection Communication, FBCS attempted to collect on a debt that was beyond the three-year statute of limitations in Maryland.

16.     Upon reading the Collection Communication, Ms. Johnson could believe, as would any similarly situated consumer, that she had a legal obligation to pay the Johnson Student Loan that FBCS was offering to "settle" debt.

17.     The Collection Communication falsely implies that the Johnson Student Loan was legally enforceable by making Ms. Johnson an offer to settle the account.

18.     It was the practices and policy of FBCS to send or cause to send a letter in the form as attached hereto as Exhibit "A" to collect time-barred debts and to not disclose that the debts are in fact time-barred, and thus legally unenforceable in the State of Maryland.

19.     The Federal Trade Commission ("FTC") has determined that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statue of limitations ... when a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer     in     court     to     collect     that     debt."     *See*, https://www.ftc.gov/opa/2012/01/asset.hstm.

20.     On January 30, 2013 the FTC issued a report on the debt collection industry entitled, "*The Structure and Practices of the Debt Buying Industry,* available at https://www.ftc.gov/os/2013/01/debtbuyingreport.pdf     ("Debt     Buying     Industry Report"). The Debt Buying Industry Report reaffirms the position of the FTC in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-18-2-27 EAJ (M.D. Fla. 2012), that a debt collector may violate the FDCPA by saying a collection letter demanding payment of a time-barred debt without disclosing the debt was time-barred.

21.     Numerous courts have held that a debt collector's "settlement" offer made to consumers on a time-barred debt is misleading.  *See, e.g.*, *Tatis v. Allied Interstate,*

*LLC*, 2018 W.L. 818004, _____ F.3d_____, (3d Cir., Feb. 12, 2018); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

22.    FBCS could have taken steps necessary to bring its actions with compliance of the FTC and has neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## V.  CLASS ACTION ALLEGATIONS

23.    This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Maryland to whom letters in the same or substantially similar form as Exhibit "A" were sent (ii) in an attempt to collect a debt which, was incurred for personal, family, or household purposes (iii) which was time-barred under the applicable statute of limitations (iv) which were not returned undelivered by the U.S. Post Office, and (v) during the one year period prior to the following of the instant action.

24.    Plaintiff alleges on information and belief based on the Defendant's use of letters in the form or substantially similar form of Exhibit "A" that the class is so numerous that joinder of all members is impractical.  Based on Defendant's use of letters in the form or substantially similar form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

25.    There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form or substantially similar form of Exhibit "A" to collect that which was time-barred under the applicable statute of limitations.

26.    The principal legal issues are whether Defendant's letters in the form or substantially similar form of Exhibit "A" violate the FDCPA in that Defendant failed to

collect a time-barred under the applicable statute of limitations in violation of 15 U.S.C. §1692e.

27.     The claims of Ms. Johnson are typical of those of the class members. All are based on the same facts and legal theories.

28.     Ms. Johnson will fairly and adequately protect the interests of the class.  She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

29.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

31.     Ms. Johnson requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VI.  ALLEGATIONS OF LAW

32.     At all times material hereto, Ms. Johnson was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

33.     At all times material hereto, NCSLT was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

34.     At all times material hereto, the Johnson Student Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

35.     At all times material hereto, FBCS was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

36.     FBCS violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et sequi*, through:

a.     the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(2) and e(10), and

b.     the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

37.     As a result of FBCS's conduct, Ms. Johnson and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under the FDCPA.  Accordingly, Ms. Johnson and the class are entitled to an award actual and statutory damages pursuant to 15 U.S.C. §1692k.

38.     Ms. Johnson and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Tamika L. Johnson, formerly known as "Tamika L. Stewart," an individual, requests judgment be entered in her favor and favor of the class against Defendant, Financial Business and Consumer Solutions, doing business as "FBCS, Inc.," a Pennsylvania corporation, for:

A.    Declaratory judgment that the above-described conduct of

Defendant violates the Fair Debt Collection Practices Act;

B.    Actual and statutory damages pursuant to 15 U.S.C. §1692k;

C.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k;

and

D.    Such other and further relief as this Court may deem just and

equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Tamika L. Johnson, pursuant to Rule 38(b), Federal Rules of Civil

Procedure, demands a trial by jury of all issues so triable.


_____/s/_____
KATHLEEN P. HYLAND
Hyland Law Firm, LLC
16 E. Lombard Street, Suite 400
Baltimore, MD  21202
(410) 777-5396 Telephone
(410) 777-8237 Fax
kat@lawhyland.com
*Counsel for Plaintiff*

ROBERT W. MURPHY
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
rwmurphy@lawfirmmurphy.com and
rphyu@aol.com
*Counsel for Plaintiff*
*To be admitted pro hac vice*